UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4697

HAROLD DWIGHT WOOTEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-94)

Submitted: November 30, 1999

Decided: January 31, 2000

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael A. Grace, MICHAEL A. GRACE, P.A., Winston-Salem,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Sandra J. Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harold Dwight Wooten appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 812, 841 (1994). Because none of Wooten's claims of error have merit, we affirm his conviction and sentence.

I.

During 1994 and continuing through sometime in late 1997, Wooten, James Bynum, Sean Henry, Courtney Hall, Michael Sutton, Kaja Brewton, and others collaborated in order to obtain cocaine hydrochloride from Dominican suppliers in New York City. After members of the group obtained the cocaine hydrochloride, they transported it back to Durham, North Carolina to be cooked into cocaine base (hereinafter "crack") and distributed by various members of the organization.

Wooten raises four claims of error on appeal. Specifically, Wooten claims that there is insufficient evidence to support his conviction, and that the trial court erred in excluding expert testimony, in refusing to strike the testimony of two witnesses, and in erroneously calculating the amount of drugs attributable to him. Because Wooten is not entitled to any relief on his claims of error, we affirm his conviction and sentence.

II.

Wooten argues the Government failed to introduce evidence of an agreement between him, Bynum, and Henry. Wooten also argues the proof at trial demonstrated the existence of multiple smaller conspiracies, rather than the single conspiracy alleged in the indictment.

2

In order to support a conviction for conspiracy, "the government must show, first, that a conspiracy existed; then that the defendant had knowledge of the conspiracy; and finally, that the defendant voluntarily became part of the conspiracy." United States v. Bell, 954 F.2d 232, 236 (4th Cir. 1992), overruled on other grounds by United States v. Burgos, 94 F.3d 849 (4th Cir. 1996). We look to several factors to determine whether a single conspiracy exists, including whether "[t]he conspiracy had the same objective, it had the same goal, the same nature, the same geographic spread, the same results and the same product." United States v. Crockett, 813 F.2d 1310, 1317 (4th Cir. 1987).

The record demonstrates there is substantial evidence, taking the view most favorable to the Government, to support the jury's verdict. Wooten's trial produced substantial proof of a unitary goal or scheme, i.e. to acquire cocaine in New York, cook it into crack cocaine, and distribute it in Durham. Consequently, we find that there is substantial evidence to support Wooten's conviction. See United States v. Banks, 10 F.3d 1044, 1053-54 (4th Cir. 1993); United States v. Crockett, 813 F.2d 1310, 1317 (4th Cir. 1987).

III.

Wooten's second claim is that the district court abused its discretion in excluding the certain expert testimony concerning the application of the United States Sentencing Guidelines. Wooten proffered this testimony to demonstrate the motives that his co-conspirators may have had to testify falsely. We review the district court's exclusion of expert testimony for abuse of discretion. See United States v. Barsanti, 943 F.2d 428, 432 (4th Cir. 1991).

Wooten has offered no authority that supports the admission of expert testimony on the application of the sentencing guidelines. The record reflects that Wooten's counsel thoroughly cross-examined the co-conspirators with respect to their expectation of receiving motions to depart based upon substantial assistance, and their resulting incentive to lie. As credibility is a matter soundly within the jury's understanding, the district court did not abuse its discretion by concluding that the expert testimony proffered by Wooten was unnecessary. See United States v. French, 12 F.3d 114, 116-17 (8th Cir. 1993).

3

In a related issue, Wooten claims the district court abused its discretion when the court refused to admit into evidence a poster depicting the sentencing table of the United States Sentencing Guidelines. Decisions relating to exclusion of evidence are reviewed for abuse of discretion. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1996).

Admitting the poster as probative on sentencing could well have been error, as punishment is a matter outside of the jury's consideration. See United States v. Muse, 83 F.3d 672, 676-77 (4th Cir. 1996). Therefore, the district court did not abuse its discretion in excluding the exhibit.

IV.

Wooten claims the district court abused its discretion in failing to strike sua sponte the testimony of Kaja Brewton and Courtney Hall. Wooten claims that the testimony of Brewton and Hall was "incredible, inconsistent, and perjurious," and therefore should have been stricken by the district court. This argument is without merit.

Wooten's counsel failed to move the district court to strike the witnesses' testimony at the conclusion of their testimony, and therefore, our review is for plain error. To establish plain error, this court "must (1) identify an error, (2) which is plain, (3) which affects substantial rights, and (4) which `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993) (quoting United States v. Olano, 507 U.S. 725 (1993) (internal citations omitted)).

Credibility determinations are within the province of the jury. See United States v. Beidler, 110 F.3d 1064, 1070 (4th Cir. 1997). Wooten's counsel thoroughly cross-examined both Hall and Brewton about the inconsistencies in their testimony. Other witnesses and independent physical evidence corroborated their testimony. Therefore, the district court did not plainly err in failing to strike the testimony.

V.

Wooten's final claim is that the district court erred in finding that he was responsible for distributing more than one and one-half kilograms of cocaine.

4

A district court's finding regarding the quantity of drugs attributable to a defendant upon sentencing is a finding of fact and will only be reversed if clearly erroneous. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). The government bears the burden of establishing, by preponderance of the evidence, the quantity of drugs attributable to a defendant. See United States v. Johnson, 54 F.3d 1150, 1156 (4th Cir. 1995).

In the aggregate, the evidence showed the amounts distributed by the Wooten-Bynum-Henry group surpassed 400 kilograms. (J.A., Vol. I, 35-36, 92-96, 150-51, 190-91). Therefore, the district court's finding that Wooten should be held accountable for more than one and one-half kilograms is not clearly erroneous. See United States v. Randall, 171 F.3d 195, 210-12 (4th Cir. 1999).

For the foregoing reasons, we affirm Wooten's conviction and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and would not aid the decisional process.

AFFIRMED